IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARQUAN BANKS, | § | |
| | § | |
| Defendant Below, | § | No. 102, 2025 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2307008413 (N) |
| | § | |
| Appellee. | § | |

Submitted: October 29, 2025
Decided: December 23, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     Charquan Banks appeals from the Superior Court's order denying his motion to suppress evidence obtained after an investigatory stop. The court held that the officer who detained Banks had reasonable articulable suspicion to stop him for two independent reasons: (i) Banks was operating a bicycle on a sidewalk in violation of Wilmington City Ordinance Section 37-329; and (ii) Banks' movements were consistent with someone carrying a concealed firearm. We review the Superior Court's denial of a motion to suppress based on an allegedly illegal stop *de novo*,

asking whether the totality of the circumstances, in light of the trial judge's factual findings, support a reasonable and articulable suspicion for the stop.[1]

(2)     Wilmington City Ordinance Section 37-329 provides that "[n]o person operating a bicycle shall ride or propel such bicycle upon any sidewalk at any time."[2] When the officers initiated the stop, Banks was operating an electric bicycle on the sidewalk in Wilmington in plain violation of that ordinance.  That traffic infraction supplied reasonable, articulable suspicion to justify a brief investigatory stop.[3]

(3)     Banks argues that the stop was invalid because the officer who stopped him mistakenly believed that Banks was violating 21 *Del. C.* § 4198B(b), which restricts bicycles on sidewalks only where traffic-control devices so indicate, and no such devices were present at the location of the stop.[4]  But reasonable suspicion is an objective standard.[5]  A stop is lawful if the facts known to a reasonable officer

---

[1] *West v. State*, 143 A.3d 712, 715 (Del. 2016); *Lopez-Vazquez v. State*, 956 A.2d 1280, 1284 (Del. 2008).

[2] Wilm., DE, Code of Ordinances, Art. VII, Div. 2, Sec. 37-329.

[3] When the officers attempted to stop Banks, he ignored their commands and ultimately discarded a cross-body bag that contained marijuana and a firearm.

[4] Appellant's Opening Br. at 8–10.

[5] *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968) (When a court reviews the reasonableness of an officer's suspicion, "it is imperative that the facts be judged against an objective standard"); *United States v. Cortez*, 449 U.S. 411, 417 (1981) ("An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity."); *Robertson v. State*, 596 A.2d 1345, 1350–51 (Del. 1991) ("Although we give due deference to an officer's experience and knowledge, the facts which form the basis of the reasonable suspicion must be capable of measurement against an objective standard.").

support suspicion that the observed conduct is unlawful; it does not depend on the officer's ability to cite the correct code provision in the moment.[6] Here, Banks's conduct was in fact illegal under the Wilmington ordinance, and that objective violation sustains the stop.[7]

(4) Because the traffic violation provided reasonable suspicion to stop Banks, we need not address the Superior Court's alternative holding that the stop was independently justified by reasonable suspicion that Banks was carrying a concealed deadly weapon without a license.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[6] *Heien v. North Carolina*, 574 U.S. 54, 61 (2014) ("[R]easonable men can make mistakes of law, too, and such mistakes are no less compatible with the concept of reasonable suspicion."); *Jones v. State*, 745 A.2d 856, 861 (Del. 1999).

[7] This case is distinguishable from *McDougal v. State*, 314 A.3d 1077 (Del. 2024). In *McDougal*, the officer's stop was based on a complete misunderstanding of the law: he believed that simply standing on a public sidewalk in front of a convenience store constituted loitering, even though the loitering statute expressly required proof that the person "failed to obey a lawful order to disperse." *Id*. at 1084–85. Because the statute criminalized only refusal to leave after a police order—not the mere act of lingering—the officer's premise lacked any legal foundation, and no objectively reasonable officer could have believed that a crime was occurring. By contrast, the officer who stopped Banks did not misperceive lawful conduct as criminal; he accurately identified Banks's conduct—riding a bicycle on a city sidewalk—as in fact prohibited by law. His mistake concerned only which provision imposed that prohibition, not whether such conduct was unlawful at all. Therefore, unlike the officer in *McDougal*, whose stop rested on a non-existent offense, the officer's error in this case was a reasonable misidentification of the source of the law.